# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| STEVEN G. CRYAR, ) | |
|     Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 17-00238-N |
| ) | |
| NANCY A. BERRYHILL, *Acting* ) | |
| *Commissioner of Social Security*, ) | |
|     Defendant. ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Steven G. Cryar ("the Plaintiff") has filed and served a motion for attorneys' fees under the Equal Access to Justice Act, 28 U.S.C. § 2412 ("EAJA") (Doc. 27), and a separate supporting memorandum (Doc. 28), requesting an award of $1,772.63 in attorneys' fees and expenses from the Defendant Commissioner of Social Security ("the Commissioner"). The Commissioner timely filed and served a response (Doc. 31) to the motion stating that she does not object to an award of fees and expenses under EAJA to the Plaintiff in the amount requested. Upon consideration, the Court finds the Plaintiff's motion for attorneys' fees and expenses under EAJA (Doc. 27) is due to be **GRANTED in part** and **DENIED in part**.[1]

### I. *Analysis*

"The EAJA provides that the district court 'shall award to the prevailing party

---

[1] With the consent of the parties, the Court has designated the undersigned Magistrate Judge to conduct all proceedings and order the entry of judgment in this civil action, in accordance with 28 U.S.C. § 636(c), Federal Rule of Civil Procedure 73, and S.D. Ala. GenLR 73. (*See* Docs. 22, 24).

other than the United States fees and other expenses ... incurred by that party in any civil action (other than cases sounding in tort), including proceedings for judicial review of agency action, brought by or against the United States ..., unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.'" *Newsome v. Shalala*, 8 F.3d 775, 777 (11th Cir. 1993) (quoting 28 U.S.C. § 2412(d)(1)(A)-(B)) (footnotes omitted). "Thus, eligibility for a fee award in any civil action requires: (1) that the claimant be a 'prevailing party'; (2) that the Government's position was not 'substantially justified'; (3) that no 'special circumstances make an award unjust'; and, (4) pursuant to 28 U.S.C. § 2412(d)(1)(B), that any fee application be submitted to the court within 30 days of final judgment in the action and be supported by an itemized statement." *Comm'r, I.N.S. v. Jean*, 496 U.S. 154, 158 (1990).

### a. Timeliness

"The Equal Access to Justice Act ('EAJA'") provides that a 'party seeking an award of fees and other expenses shall, within thirty days of final judgment in the action, submit to the court an application for fees and other expenses....' 28 U.S.C. § 2412(d)(1)(B) (1982). It is settled that a 'final judgment' means that the judgment is final and not appealable. 28 U.S.C. § 2412(d)(2)(G)." *United States v. J.H.T., Inc.*, 872 F.2d 373, 375 (11th Cir. 1989). Where, as here, "the district court enters a 'sentence four' remand order[ under 42 U.S.C. § 405(g)], that judgment is appealable." *Newsome*, 8 F.3d at 778. "[W]hen a remand was pursuant to sentence four, the 30–day filing period for applications for EAJA fees 'begins after

the final judgment ('affirming, modifying, or reversing') is entered by the [district] court and the appeal period has run, so that the judgment is no longer appealable.' " *Id.* (quoting *Melkonyan v. Sullivan*, 501 U.S. 89, 102 (1991)).

Because a United States officer sued in an official capacity is a party to this action, the time to appeal that judgment expired after May 7, 2018, 60 days from the date the Court entered its "sentence four" remand order and judgment (Docs. 25, 26), March 8, 2018. *See* Fed. R. App. P. 4(a)(1)(B)(iii). Because the Plaintiff filed and served his motion within 30 days of that date, on May 16, 2018, the motion is timely.[2]

### b. Prevailing Party

With certain inapplicable exceptions, an individual qualifies as a "party" under EAJA if the individual's "net worth did not exceed $2,000,000 at the time the

---

[2] Past Eleventh Circuit precedent treated the timely filing requirement for an EAJA motion as jurisdictional in nature. *See, e.g.*, *Newsome*, 8 F.3d at 777. This precedent, however, appears to have been abrogated by the Supreme Court's decision in *Scarborough v. Principi*, 541 U.S. 401, 413-14 (2004) ("§ 2412(d)(1)(B) does not describe what classes of cases the C[ourt of Appeals for Veterans Claims] is competent to adjudicate; instead, the section relates only to postjudgment proceedings auxiliary to cases already within that court's adjudicatory authority. Accordingly,…the provision's 30–day deadline for fee applications and its application-content specifications are not properly typed 'jurisdictional.' " (citation and some quotation marks omitted)). *Cf. Townsend v. Comm'r of Soc. Sec.*, 415 F.3d 578, 581–82 (6th Cir. 2005) ("[O]ur past precedent characterized the EAJA's time limitation for fee applications as jurisdictional…This precedent, however is overruled by the Supreme Court's recent decision in *Scarborough v. Principi*, 541 U.S. 401, 124 S. Ct. 1856, 158 L. Ed. 2d 674 (2004), where the Supreme Court held that the EAJA's '30–day deadline for fee applications and its application-content specifications are not properly typed "jurisdictional." ' *Id.* at 1865."). Because the Plaintiff's EAJA motion was timely filed, however, the Court need not decide the issue.

civil action was filed." 28 U.S.C. § 2412(d)(2)(B). Based on the undisputed representations in the Plaintiff's motion for leave to proceed without prepayment of fees (Doc. 2) filed contemporaneously with the complaint, which is in substantial compliance with 28 U.S.C. § 1746 and thus constitutes an unsworn declaration made under penalty of perjury, the Court finds that the Plaintiff qualifies as a "party" for purposes of EAJA. *See* 28 U.S.C. § 2412(d)(2)(B).

Because the Plaintiff received a remand of a final decision of the Commissioner under sentence four of 42 U.S.C. § 405(g), he is therefore a "prevailing party" under EAJA. *See Shalala v. Schaefer*, 509 U.S. 292, 301-02 (1993); *Newsome*, 8 F.3d at 777 ("Courts have routinely awarded EAJA attorney's fees to claimants in Social Security cases who satisfy the statutory conditions."); *Myers v. Sullivan*, 916 F.2d 659, 666 (11th Cir. 1990) ("Since the EAJA's enactment, the vast majority of EAJA awards have gone to claimants who succeeded in challenging contrary benefits decisions made by the Secretary of Health and Human Services.").

### c. Substantially Justified Position or Special Circumstances

An EAJA applicant is only required to allege that the Government's position was "not substantially justified." *Scarborough v. Principi*, 541 U.S. 401, 414-15 (2004). "The burden of establishing that the position of the United States was substantially justified…must be shouldered by the Government." *Id.* at 414. "The government's position is substantially justified under the EAJA when it is justified to a degree that would satisfy a reasonable person—i.e. when it has a reasonable basis in both law and fact." *United States v. Jones*, 125 F.3d 1418, 1425 (11th Cir.

1997) (citations and quotations omitted).

The Plaintiff has alleged that "the position of the government in this case was not substantially justified…" (Doc. 28 at 1 (quotation marks omitted)). The Commissioner has not attempted to rebut that allegation, and there are no special circumstances apparent from the record which countenance against the awarding of fees. Thus, the Court finds that the Plaintiff is entitled to an award under EAJA.

### d. Amount of Fees and Expenses

The EAJA further provides:

> The amount of fees awarded … shall be based upon prevailing market rates, for the kind and quality of services furnished except that …
>
> (ii) attorney fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the *cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee.*

28 U.S.C. § 2412(d)(2)(A)(ii) (emphasis added).

> In *Meyer v. Sullivan,* 958 F.2d 1029, 1033 (11th Cir. 1992), [this Circuit] recognized a two-step process for determining the appropriate hourly rate to be applied in calculating attorney's fees under the Act. First, the district court must "determine the market rate for 'similar services [provided] by lawyers of reasonably comparable skills, experience, and reputation.' " *Id.* (citation omitted). "The second step, which is needed only if the market rate is greater than [$125] per hour, is to determine whether the court should adjust the hourly fee upward from [$125] to take into account an increase in the cost of living, or a special factor." *Id.* at 1033-34.

*Brungardt v. Comm'r of Soc. Sec.*, 234 F. App'x 889, 891 (11th Cir. 2007) (per curiam) (unpublished). The Plaintiff requests a total EAJA award of $1,772.63, consisting of $1,372.63 in attorneys' fees, and for "reimbursement in the amount of

$400 for the fees incurred when filing this" action. (Doc. 27 at 2). The requested attorneys' fees are based upon 7 hours of federal court work performed by Plaintiff's counsel at an hourly rate of $196.09. After reviewing the itemized timesheet of Plaintiff's counsel (Doc. 27 at 4), the Court finds the number of hours billed to be reasonable for the work performed.

The Court further finds that counsel's requested attorney rate of $196.09 is an appropriate market rate for similar services provided by lawyers of reasonably comparable skills, experience, and reputation.[3] Though counsel's rate exceeds $125, this upward adjustment is justified under the formula from this Court's decision in *Lucy v. Astrue*, which is often used to account for increases in the cost of living for EAJA applications.[4]

> The prevailing market rate for social security cases in the Southern District of Alabama has been adjusted to take into account an increase in the cost of living. *Lucy v. Astrue,* CV 06–147–C, 2007 U.S. Dist. LEXIS 97094 (S.D. Ala. July 5, 2007). In *Lucy,* the following formula, based on the CPI, was utilized:
>
> ($125/hour) x (CPI–U[5] Annual Average "All Items Index," South Urban, for month and year of temporal midpoint)/152.4,

---

[3] "The court…is itself an expert on the question and may consider its own knowledge and experience concerning reasonable and proper fees and may form an independent judgment either with or without the aid of witnesses as to value." *Norman v. Hous. Auth. of City of Montgomery*, 836 F.2d 1292, 1303 (11th Cir. 1988) (quotation omitted).

[4] The Plaintiff's motion relies on the *Lucy* formula, and the Commissioner does not object to its application.

[5] Consumer Price Index for All Urban Consumers, as determined by the Bureau of Labor Statistics of the United States Department of Labor (https://www.bls.gov/cpi/data.htm (last visited July 17, 2018)).

> where 152.4 equals the CPI–U of March 1996, the month and year in which the $125 cap was enacted.

*Id.* at *12. The "temporal midpoint" is calculated by counting the number of days from the date that the claim was filed to the date of the Magistrate or District Judge's Order and Judgment. *Id.* at *5–6.

*Winters v. Astrue*, Civil Action No. 11-00261-CB-B, 2012 WL 1565953, at *2 (S.D. Ala. Apr. 9, 2012), *report and recommendation adopted*, 2012 WL 1556652 (S.D. Ala. Apr. 30, 2012).

The complaint in this action was filed on May 24, 2017, and the Court's sentence-four remand order and judgment were entered on March 8, 2018. The number of days between those two dates (i.e. excluding the start and end dates) is 287, and the "temporal midpoint" between those two dates falls in October 2017. The relevant CPI–U for October 2017 was 239.067. Plugging the relevant numbers into the foregoing formula renders the following equation: ($125 x 239.067) / 152.4. This calculation yields an hourly rate adjusted for "cost of living" increases of $196.09, the Plaintiff's requested rate, and the Court finds this to be an appropriate hourly rate under EAJA to take into account increases in cost of living.

Thus, the Court will award the Plaintiff $1,372.63 in attorneys' fees for the 7 hours of work performed by his counsel in this action. However, the Court will deny the Plaintiff's additional request for $400 as reimbursement of the filing fee. The Plaintiff did not pay any filing fee for this action, but instead moved for, and was granted, leave to proceed without prepayment of fees under 28 U.S.C. § 1915. (*See* Docs. 2, 3).

## II.   *Conclusion*

In accordance with the foregoing analysis, it is **ORDERED** that the Plaintiff's unopposed motion for attorneys' fees and expenses under EAJA (Doc. 27) is **GRANTED in part** and **DENIED in part**, such that Plaintiff Steven G. Cryar is awarded from the Defendant Commissioner of Social Security **$1,372.63** in attorneys' fees under the Equal Access to Justice Act, 28 U.S.C. § 2412.[6]

**DONE** and **ORDERED** this the 18th day of July 2018.

/s/ Katherine P. Nelson
**KATHERINE P. NELSON**
**UNITED STATES MAGISTRATE JUDGE**

---

[6] Unless a party requests one by motion, no separate judgment regarding attorneys' fees shall be forthcoming.   *See* Fed. R. Civ. P. 58(a)(3) (judgment need not be set out in a separate document for an order disposing of a motion for attorney's fees).